BRENNAN, Respondent, vs. BOOTH, Appellant.

*November 8 — November 25, 1890.*

*Reference: Accounting.*

A referee's finding as to the amount due the plaintiff upon an accounting, based on a partial settlement between the parties and supported by the evidence, should not be set aside because he did not receive and file a debtor and creditor statement of account presented by the defendant under Circuit Court Rule XXII, sec. 5, where no testimony was offered in reference thereto.

APPEAL from the Circuit Court for *Ashland* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

Both parties are dentists. The complaint alleges, in effect, that the defendant hired the plaintiff to work in his dentistry office, and in lieu of wages agreed to pay him one half of the net earnings of the office; that during the plaintiff's term of service the gross receipts were $2,500, and the expenses and investments in tools, instruments, etc., $1,300; and the plaintiff demands judgment for one half of the balance, to wit, the sum of $600. The answer admits the contract, but alleges that the gross earnings were very much less, and the expenses, etc., considerably more, than stated in the complaint; that the plaintiff was absent from said employment thirty-seven days, and was not entitled to any portion of such net earnings during that time; that the plaintiff had been paid in full. The answer also sets up a counterclaim.

The case was referred to a referee to hear, try, and determine, and his report is to the effect that under the agreement between the parties the plaintiff was to receive one half of the net earnings of the business, whether in form of cash, book accounts, or additions to office outfit, or otherwise; that the office tools, furniture, and outfit were to be

kept up and maintained at the expense of the business; that such term of service was from July 1, 1887, to January 17, 1888; that, at said last-mentioned date, the parties examined their cash accounts, and in part settled the matters in controversy between them; that on such settlement there was found due from the defendant to the plaintiff, on the cash account alone, $120, exclusive of book accounts and additions to office furniture, tools, and books, which amount the defendant then admitted to be due to the plaintiff on the cash account alone; that the same then became due, and that no part thereof had been paid; that out of the earnings of said business during the period, $107 was expended for and was invested in books, office furniture, and tools, which are in the possession of the defendant, and which he claims to own exclusive of the plaintiff; that the plaintiff was entitled to one half that amount; that the unpaid debts due the defendant for professional services during said period, evidenced by book accounts, amounted to $172.20, and that the plaintiff was entitled to one half thereof, but that the defendant claimed the exclusive right to the whole of the same; that the defendant had collected thereon $43, which he claimed to be his exclusively, as well as the balance thereof; that he was unable to determine from the evidence the amount of the gross earnings or expenses of the business during the period mentioned. And as conclusions of law the referee found that the defendant was indebted to the plaintiff in the sum of $259.60, on account of said services, and the plaintiff was entitled to judgment therefor, with interest from January 17, 1888, and costs of the action.

The court affirmed said report. From the order refusing to set aside the report and affirming the same, and the judgment entered thereon, the defendant appeals.

For the appellant the cause was submitted on the brief of *Mead & Dixon.*

For the respondent there was a brief by *Cole & O'Keefe*, attorneys, and *Kate H. Pier*, of counsel, and oral argument by *Kate H. Pier* and *Rublee A. Cole*.

CASSODAY, J.    The referee's findings of fact appear to be supported by the evidence.    A month after the referee's report had been made and filed, and upon application to set aside the same, the defendant's attorney made an affidavit to the effect that upon the hearing before the referee he had filed a debtor and creditor statement of account, as required by sec. 5, Circuit Court Rule XXII; but that the referee had neglected and refused to receive and file the same, and had returned it without giving any reason therefor.    Such statement does not appear to have entered into the proceedings before the referee in any way.    No testimony was given, nor offered to be given, in reference to the same.    Besides the report is in part based upon a partial settlement between the parties.    Under the circumstances stated, the exception to such failure to receive and file such account must be overruled.

The learned counsel for the defendant contends that the plaintiff was not entitled to the confirmation of the report because the referee failed to determine the amount of gross earnings or expenses during the period of the plaintiff's service.    But the referee found that, after the services, there had been a partial settlement, and the findings are sufficient to support the judgment.    A discussion of the evidence in detail would be of no benefit to any one, and there is no question of law involved.    It is enough to know that the referees' findings of fact are supported by the evidence.

*By the Court.*— The judgment and order of the circuit court are affirmed.